Luther Penniman, *Qui Tam.* vs. Charles Robinson.

Washington,
March,
1833.

Penniman
vs.
Robinson.

That a complaint before a Justice of the Peace, founded on the 3d Section of the Statute of 1807, entitled, "An Act to punish undue speculations," &c. in case of conviction, is appealable.

This was a complaint before a Justice of the Peace, for taking more fees in a suit upon a negotiable note, assigned for the purpose of collection merely, than would have been recoverable if the action had been commenced in the name of the payee; and was founded upon the 3d Section of the Statute of 1807, page 147.

The complainant recovered the penalty of twenty dollars, before the Justice, and the defendant appealed to the County Court; and there the plaintiff filed a motion to dismiss the appeal, contending that no appeal was allowed by the statute. The County Court overruled this motion, and the complainant excepted to this decision. This is the only point in the case, the report of which can be of any essential use to the profession. There was a special demurrer to the complaint; the arguments and decision upon which, formed the chief labor in the case. The Court, with no little difficulty, sustained the complaint. After which, the defendant was permitted to withdraw the demurrer, and plead the General Issue, on payment of costs; and the cause has gone to the County Court for a jury trial.

*Argument for the complainant.*—The third Section of the Act (Comp. Stat. 147, No. 3) on which this information is founded, provides, that the penalty " shall be recovered in the same manner as in and by the first Section of this Act is provided." The first Section gives a penalty of $33 for the commission of any of the offences therein enumerated; and enacts that that sum " shall be recovered by complaint or information, before any Justice of the Peace in the County where such offence shall be committed."

The fifth Section of the same Act declares, " That, in all cases, which, in and by the first Section of this Act, are made cognizable before any Justice of the Peace, no appeal shall be had or allowed," &c. Now, the fair reading of this statute is, that this action is made cognizable before a magistrate by the first Section; and it is equally apparent,

72

WASHINGTON,
March,
1833.

Penniman
vs.
Robinson.

that the Legislature never intended, that an appeal should be had in cases arising under the third Section; for the wording in the fifth Section, is not, that, in all cases arising under the first Section, no appeal shall be allowed, " made cognizable before a Justice of the Peace." If an appeal is allowed, then this statute presents this singular anomaly, that, by one section, a penalty of $33 is given, and the decision of the magistrate is final in that case; and, by another section of the same statute, a penalty of $20 for another offence is given, and of which, a Justice of the Peace has also jurisdiction, and from his decision an appeal may be had: or, in other words, to place the absurdity of the construction, put upon the act by the defendant's counsel, in a stronger light, a defendant may have an appeal, when the judgement against him is for twenty dollars, but if it is for thirty-three dollars, then he cannot be allowed an appeal.

Again, we submit, as we have already remarked, that jurisdiction of this action is expressly given to the magistrate by the first Section of the Act; and, that all his authority to hear and determine the cause was derived from that section. Thus, if a statute be temporary and limited to a given number of years, and, before the expiration of the time, it be continued by another act, all acts, civil and criminal, are to be charged under the authority of the first act.—Cro. Eliz. 750.—Strange, 1066.—4 Term Rep. 109. —1 Kent's Com. 435-6.

If we are correct in this position, it is perfectly clear, that the County Court had no jurisdiction, and the action must be dismissed.

The defendant's counsel urged, That the appeal was correctly allowed, and the action regularly before the County Court, and that Court correctly refused to dismiss the appeal.

The fifth section of the statute only takes away the right of appeal in cases made cognizable before a Justice of the Peace, in and by the first section of the act. This case is not made cognizable before a Justice by the first section; but by the third; or, at most, by the first and third sections jointly.

The opinion of the Court was pronounced by

HUTCHINSON, C. J.—Upon the first view of this case, it appeared not very clear, whether the case was appealable or not.   We examined the later statute of 1831, and find its appealing power so expressed as not to effect this case. On a careful reading of the third section, on which this complaint is founded, and supplying the reference, our difficulty is removed.   This third section defines the offence, and inflicts the penalty of twenty dollars; and then adds, " to be recovered in the same manner as in and by the first section of this act is provided."   If we supply this reference, and read the third section by itself, it will read as follows.   " He shall forfeit and pay the sum of twenty dollars; one half &c. to be recovered by complaint or information, before any Justice of the Peace in the County, where such offence shall be committed."   This shows, that the third section gives jurisdiction to a Justice of the Peace.   Hence it follows, that the fifth section, taking away the right of appeal in those cases, made cognizable by the first section, does not affect this case; but leaves cases within the third section, as well as those within the fourth, subject to appeal, by virtue of the general statutes, regulating appeals from decisions of Justices of the Peace.

The judgement of the County Court, so far as relates to their sustaining the appeal to that Court, is affirmed.

*Smith & Peck, for complainant.*
*Upham & Keith, for defendant.*